## Holiday Pocono Civic Association
## v. Commonwealth

*Constance E. Glagola,* for appellant.

*John G. Cipko,* for applicant.

*Drew S. Dorfman,* for Department of Environmental Resources.

COHEN, Member, January 7, 1976—This matter is before the board on the appeal of Holiday Pocono Civic Association, representing residents of Kidder Township, Carbon County, Pa., from the action of the Department of Environmental Resources under date of May 21, 1975, granting Western Poconos Municipal Authority a permit to construct a sewage treatment plant to serve Kidder Township, Carbon County, Pa. Although appellant's notice of appeal does not so state, it is clear that the citizens of Kidder Township, whom appellant represents, are primarily concerned that the construction of the proposed treatment facility will lead to inordinate and uncontrolled development in Kidder Township with the consequent change in the character of the township. Appellant seeks, in the interests of its members, to prevent the further development of the township. It seeks to do so by raising questions as to the propriety of the permit issued in this matter.

On December 19, 1975, the board held a hearing in this case at which testimony of the parties was taken. At the conclusion of appellant's case and at the conclusion of the hearing, Western Poconos Municipal Authority, joined by the Department of Environmental Resources, moved to dismiss the appeal. At the conclusion of the hearing, Western Poconos Municipal Authority submitted requests for findings of fact and conclusions of law. The parties agreed that the board could enter an adjudication prior to the receipt of the transcript of the record and without further submissions made to it by any party. On this basis, we enter the following:

## FINDINGS OF FACT

1. Appellant is Holiday Pocono Civic Association,

P. O. Box 14, Albrightsville, Pa. 18210, representing residents of Kidder Township, Carbon County, Pa.

2. Appellee is the Pennsylvania Department of Environmental Resources (hereinafter "DER"), the agency of the Commonwealth to administer and enforce The Clean Streams Law of June 22, 1937, P.L. 1987, as amended, 35 P.S. §691.1 et seq.

3. Intervenor is Western Poconos Municipal Authority, duly incorporated under the laws of Pennsylvania, the recipient of permit no. 1373401 from DER, which permit authorizes intervenor to construct a sewage treatment plant and sewers to serve the residents of Kidder Township, Carbon County, Pa. DER issued the permit to intervenor in this matter on May 21, 1975, in response to an application therefor made by intervenor to DER.

4. On June 20, 1975, appellant, through its then president, Thomas C. Glenn, and its then corresponding secretary, Edna W. Norwood, filed separate appeals with the board seeking to set aside the permit issued to intervenor by DER.

5. In the notice of appeal filed by Thomas C. Glenn, the reasons for appeal are stated as:

"Inadequate design of the proposed sewage treatment plant i.e., 30 percent of the present building homes in the development will not be connected to this project and 60 percent of the 1400 building lots are not being considered under the proposed project at this time. Secondly is the annual service charge (approximately $246.00 per home unit per year as quoted by the board, in addition to the cost per foot for the hook-up, which at this time, is still unknown)."

6. In the appeal filed by Edna W. Norwood, the reasons for appeal are stated as:

"1) Inadequate design of proposed sewerage system in Holiday Poconos.

"a.) 30 percent of present buildings are not being considered.

"b.) 60 percent of 1400 building lots are not being considered.

"2) High cost per unit.

"a.) The present estimate being an annual fee of $246 per unit plus 'hook-up' fees, etc.

"3) Sparse population of Township.

"a.) Kidder Townships is 72 sq. mi. with a permanent population of less than 2,000."

7. Kidder Township, Carbon County, is a resort area in the Pocono Mountains having a permanent population of under 2,000 persons and an area of approximately 72 square miles.

8. Appellant offered no evidence to support its contention that the proposed sewage treatment facility for which DER granted a permit to the intervenor was inadequately designed.

9. Appellant's evidence, offered for the purpose of substantiating its contention that the cost of the proposed facility to the residents of Kidder Township was too high, was based upon conjecture and inference with little or no factual basis.

10. Appellant offered no evidence which would, in any manner, bear upon its contention that the sparseness of the population in the township did not justify the proposed treatment facility.

11. DER reviewed intervenor's application for a permit for the proposed sewage treatment facility in Kidder Township, Carbon County, Pa., and found that it complied with applicable departmental rules and regulations relative to the design and construction of sewage treatment facilities and, on that basis, issued a permit therefor to intervenor.

12. Neither the intervenor nor DER in any manner acted improperly with regard to the application for or issuance of the permit in question.

## DISCUSSION

Appellant is concerned that the construction of the proposed treatment facility authorized by permit no. 1373401 issued by DER to intervenor will result in increased development of Kidder Township and thereby lead to a significant deterioration of the environmental amenities in the area. Moreover, it,fears that the costs of the facility will constitute an undue financial burden upon the residents of the township. For these reasons, it is vigorously opposed to the granting of the permit in question.

With regard to the issue of financial burden of the proposed facility upon the residents of the township, section 4(5) of The Clean Streams Law of June 22, 1937, P.L. 1987, as amended, 35 P.S. §691.5, places the responsibility on DER to consider, where appropriate, the immediate and long-range economic impact upon the Commonwealth and its citizens of the grant of the permit in question. Appellant has not shown that DER failed to take the economic impact of the grant of the permit into consideration. All that it produced at the hearing was speculation as to what the cost of the facility would be to the permanent resident of Kidder Township. Even if appellant had submitted more factual substantiation of these alleged high costs, that, in and of itself, would not be sufficient to show that DER did not adhere to its responsibilities under section 4(5) of The Clean Streams Law, supra.

With regard to the contention that the proposed facility would result in undue development in Kid-

der Township, it is sufficient to cite Community College of Delaware County v. Fox, 20 Pa. Commonwealth Ct. 335, 342 A. 2d 468 (1975). As Commonwealth Court made abundantly clear in Fox:

". . . It is clearly not for the DER, under these sections of the Clean Streams Law, to withhold the issuance of a sewer permit where it independently determines that land might be better planned as open or recreational space rather than for commercial or residential uses. . . ." 342 A. 2d at 480 (Footnote omitted.)

Appellant cannot sustain its appeal basically for two reasons:

1. It has not proved its contentions by substantial or competent evidence: Oaks Civic Association v. Commonwealth of Pennsylvania, Department of Environmental Resources, EHB docket no. 73-378-C (issued May 8, 1975).

2. Appellant's reasons for appeal, except the reason related to the design capacity of the proposed plant, even if proved, would not support a setting aside of the permit in this case. Therefore, its appeal must be dismissed.

## CONCLUSIONS OF LAW

1. The board has jurisdiction over the parties and the subject matter of these proceedings.

2. Where an appellant does not present competent evidence to support its contentions that a sewerage permit was improperly issued, but merely offers conjecture and speculation, such appellant has not sustained its burden to justify setting aside the permit in question.

3. Neither the Environmental Hearing Board nor DER, in considering whether to grant a sewerage permit, may predicate its decision upon whether it

is enhancing or retarding industrial or residential development.

4. Even if proved, the fact that the cost to the individual user of a sewage treatment facility may be high is not a sufficient basis to refuse to grant a permit for the construction and operation of the sewage treatment facility.

### ORDER

And now, January 7, 1976, the appeal of Holiday Pocono Civic Association from the action of DER in issuing a permit, no. 1373401, to Western Poconos Municipal Authority for a sewage treatment plant and sewer system in Kidder Township, Carbon County, Pa., is hereby dismissed.